IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAMARCUS JAMAINE HOWARD, #249423, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:17-cv-479-ECM |
| ) | (WO) |
| SGT. RANDOLPH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 33) which recommends that the Defendant's motion for summary judgment (doc.15) be granted with respect to the Plaintiff's claim for monetary damages against the Defendant in his official capacity, and denied with respect to the Plaintiff's excessive force claim against the Defendant in his individual capacity. (Doc. 33 at 14). On July 28, 2020, the Defendant filed objections to the Recommendation. (Doc. 34).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See*

*Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error.  *Id.*

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Defendant's objections.  The Defendant raises multiple objections which are all related to the Magistrate Judge's denial of summary judgment on the Plaintiff's excessive force claim, so the Court reviews these particular objections *de novo*.  The Defendant asserts that Howard's claims are not credible, that the force used against him was applied in a good faith effort to maintain or restore discipline, and that the correctional officers' affidavits contradict Howard's claims.  (Doc. 34).  In essence, the Defendant contends that if the Court disbelieves the Plaintiff, then there are no disputed issues of fact and summary judgment is due to be granted to the Defendant.

The Magistrate Judge found that,

> . . . Howard contends Randolph, without reason or warning, violently struck him in the face, slammed him to the floor and continued punching him in the face.  Doc. 1 at 3.
>
> Defendant Randolph adamantly denies Howard's claim regarding the use of excessive force.  Specifically, Randolph maintains he used only the force necessary to gain control of Howard because as Howard was leaving the shift office he "grabbed Officer Redd's shirt and attempted to push [Redd] to the wall.  Inmate Howard was placed on the floor where restraints were applied."  Doc. 15-5 at 1–2.  Thus, the defendant disputes Howard's allegation regarding the use of excessive force and maintains that at no time during the incident was more force used than necessary to subdue and gain control of Howard after he attempted to push Officer Redd into the wall.

(Doc. 33 at 12–13) (brackets in original).

In his sworn complaint, Howard alleges that the Defendant assaulted him violently for no reason. The Defendant points out that the Plaintiff presents no evidence other than his complaint to support this allegation and asserts that summary judgment is, therefore, appropriate. However, when considering summary judgment, the Court must consider the specific facts pled in Howard's sworn complaint. *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). The facts presented in the Plaintiff's sworn complaint are sufficient to raise a genuine issue of material fact about the amount of force used and whether the force was applied in a good faith effort to maintain or restore discipline. *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (noting that statements in a verified complaint should be "treated as testimony by the district court").

> Summary judgment is not a time for fact-finding; that task is reserved for trial. *See, e.g., Tolan v. Cotton*, 572 U.S. 650, 655–57, 134 S.Ct. 1861, 188 L.Ed.2d 985 (2014). Rather, on summary judgment, the district court must accept as fact all allegations the non-moving party makes, provided they are sufficiently supported by the evidence of record. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). So when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment. *Mize v. Jefferson City Bd. Of Educ*., 93 F.3d 739, 742–43 (11th Cir. 1996).
>
> We must also bear in mind that, in identifying the relevant facts to resolve a motion for summary judgment, a district court must "view all evidence and make all reasonable inferences in favor of" the non-moving party. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citations and quotation marks omitted). And if a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact,

> a court cannot grant summary judgment. *Id.* Rather, the court must hold a trial to get to the bottom of the matter.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. Jan. 7, 2020).

The Court agrees with the Magistrate Judge that the Defendant's motion for summary judgment must be denied because there are genuine issues of material fact concerning the use of force against the Plaintiff and Sgt. Randolph's involvement in that use of force.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. the Defendant's objections (doc. 34) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 33) is ADOPTED;

3. the Defendant's motion for summary judgment is GRANTED with respect to the Plaintiff's claim for monetary damages against him in his official capacity as the Defendant is entitled to sovereign immunity on this claim; and

4. the Defendant's motion for summary judgment is DENIED with respect to the Plaintiff's excessive force claim against him in his individual capacity.

DONE this 9th day of October, 2020.

/s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE